FILED
2025 Nov-17  PM 03:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **HERMAN WALKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **CITY OF BIRMINGHAM,** | ) | **JURY DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Herman Walker (hereinafter "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant City of Birmingham (hereinafter "Defendant. Plaintiff seeks redress for discrimination and retaliation suffered in Plaintiff's capacity as an employee of Defendant. Plaintiff has been subject to discrimination and retaliation against by Defendant because of Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended and any other causes of action that can be inferred from the facts set forth herein. In support of her Complaint, Plaintiff states as follows:

## JURISDICTION AND VENUE

1

1. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), because the claim arises under the laws of the Unites States.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful acts took place within Jefferson County, Alabama, which lies within the Southern Division of the United States District Court for the Northern District of Alabama.

**PARTIES**

3. Plaintiff is a resident of Jefferson County, Alabama, and is over the age of nineteen (19) years.

4. Plaintiff, for all times relevant to this action, was an "employee" of Defendant.

5. Defendant is an Alabama municipal corporation, organized and existing under the laws of Alabama, and at all times material hereto was a legal government entity in Jefferson County, Alabama. Defendant can be served through their city attorney, Nicole E. King, at its principal office located at 710 North 20th Street, 6th Floor, Birmingham, AL 35203.

6. Defendant employs over fifteen (15) employees and is subject to the ADA.

**COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS**

7. Plaintiff has complied with the jurisdictional requirements on to wit: that on or about March 15, 2024, Plaintiff filed a Charge of Discrimination in

employment with the Equal Employment Opportunity Commission (hereinafter "EEOC").

8.   On August 19, 2025, the EEOC issued Plaintiff a Notification of a Right to Sue, and Plaintiff filed this Complaint within the ninety (90) day deadline. A copy of the notification is attached as "Exhibit A".

## FACTS

9.   In or around 2011, Plaintiff began his employment with Defendant as a firefighter and was stationed at Fire Station #3 located at 2210 Highland Ave, Birmingham, AL 35205.

10.  In or about 2018, Plaintiff was subjected to physical violence by a co-employee, Jason Ingrams.

11.  Following the altercation, Plaintiff report Ingrams to Defendant's Human Resources; however, Plaintiff was transferred to Fire Station #15 Station #15, West End located at 1725 Jefferson Avenue, Birmingham, AL 35211.

12.  Fire Station #15 is located in an area that runs more calls that are violent in nature, such as shootings, than Fire Station #3.

13.  In or around December of 2020, Plaintiff was diagnosed with COVID-19 and was released to return to work fifteen days later.

14. However, Defendant failed/refused to allow Plaintiff to return to work, due to errors by his supervisors, and was not allowed to return to work until the end of January 2021.

15. Following his return to work, Plaintiff began to feel and experience that he was begin targeted by his supervisor for previous reports Plaintiff made since 2018.

16. On or about June 17, 2021, Plaintiff, as a result of the stress and mental anguish caused by his job, was admitted to the psychiatric ward at Ascension St. Vincent's, and was diagnosed with PTSD, Depression, and Anxiety.

17. These diagnoses affect Plaintiff, his mental health, and his ability to handle certain situations such as violent acts; however, at no time was Plaintiff a danger to himself or others.

18. Even with the diagnoses, Plaintiff could perform his job requirements; however, Plaintiff would need accommodation of working at a station that did not run as many violent calls, such as Station #15.

19. On or about June 25, 2021, Plaintiff notified Defendant of his admission to the hospital and submitted the necessary paperwork to excuse his absence.

20. On or about July 28, 2021, Defendant, despite having Plaintiff's notice and excuses, gave Plaintiff a disciplinary write up for missing a shift he was scheduled to work while in the Hospital.

21. On or about August 24, 2021, Ascension St. Vincent's provided Plaintiff with a note stating that Plaintiff current station (Station #15) was affecting his mental health and a factor in his disability and stated that Plaintiff should be transferred to another station due to his disabilities.

22. On or about the same day, Plaintiff provided the note to Defendant.

23. Despite, Ascension St. Vincent's note, Defendant failed/refused to transfer Plaintiff to another, less violent, station.

24. At the time, Defendant had numerous other stations that could've transferred Plaintiff to that ran less violent calls and accommodated Plaintiff's reasonable request.

25. From August 24, 2021, until May 24, 2022, Plaintiff remained at Station #15 and continued to be subjected to the same violent calls and environment that led to Plaintiff's first hospitalization.

26. On or about May 24, 2022, Plaintiff made another accommodation request to transfer to another station.

27. Defendant failed/refused to transfer Plaintiff to a different station which would have accommodated Plaintiff's accommodation request.

28. As a result of Defendant's failure/refusal to transfer Plaintiff, he continued to be subjected to the same violent calls and environment that caused his hospitalization for his disabilities.

29. In or around August 2023, Plaintiff was admitted to Ascension St. Vincent's psychiatric ward for a second time due to the continued stresses, anxiety, depression, and PTSD caused by Plaintiff's continued placement at Station #15.

30. On or about September 15, 2023, Plaintiff received, and provided Defendant a copy of, Ascension St. Vincent's second letter requesting Plaintiff be transferred to a different station with less potentially traumatic or dangerous situations due to the stresses and violent environment of Station #15 having a negative impact on Plaintiff's mental health and contributing to his disabilities.

31. On or about September 29, 2023, Plaintiff was transferred to Station #16 Ensley located at 2001 Avenue I, Ensley, Birmingham, AL 35218 ("Station #16).

32. At the time of Plaintiff's transfer to Station #16, Defendant knew or should have known that Station #16 was similar to Station #15 in that it ran numerous violent calls, was a similar environment to Station #15, and would not accommodate Plaintiff's disabilities.

33. Defendant knew or should have known, that other less violent stations were available at the time of Plaintiff's transfer that would have reasonably accommodated Plaintiff's accommodation request.

34.    Following Plaintiff's transfer to Station #16, Plaintiff continued to be subjected to the same or similar violent environment, further diminishing his mental health, and contributed to Plaintiff's disabilities.

35.    On or about March 15, 2024, Plaintiff filed an EEOC Charge of Discrimination for discrimination based on his disabilities and retaliation with the EEOC.

36.    On or about December 6, 2024, Plaintiff was notified that, after taking the Fire Department Lieutenant promotion test, which based on his score and seniority, he was the number one prospect for promotion to Fire Lieutenant.

37.    On or about July 15, 2025, Plaintiff arrived to work late and upon arrival was told by his supervisor that, in order to return to work, he had to submit a completed "Appendix A" form.

38.    Upon information and belief, the "Appendix A" form is required for returning to work after sustaining an on-the-job injury.

39.    At no time relevant to Plaintiff's arrival at work on July 15, 2025, was he injured or out of work due to an on-the-job injury.

40.    Plaintiff, despite not sustaining an on-the-job injury, on multiple occasions, sought to complete the "Appendix A" form; however, Defendant failed/refused to schedule or approve.

41. On or about August 8, 2025, while still not allowed to return to work, Plaintiff was notified that he would not be considered for the Lieutenant position due to poor scores but would not provide Plaintiff with a reason why he received low scores.

42. Plaintiff believes that Defendant refused to promote Plaintiff because of these disabilities, in retaliation for his previous requests for accommodation, and/or in retaliation for filing his charge with the EEOC.

43. On or about October 5, 2025, after contacting the mayor's office about not being allowed to return to work, Plaintiff was allowed to return to work.

44. To date, Plaintiff remains an employee of Defendant, and he remains stationed at Station #16 despite his requests for reasonable accommodation to be transferred to another, less violent, station.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED.
### (FAILURE TO ACCOMMODATE)

45. Plaintiff repeats and realleges paragraphs 1-44 as if set forth herein.

46. Plaintiff is a qualified individual with a disability which affects major life activities.

47. Plaintiff is able to perform all his essential job functions with reasonable accommodation.

48. Specifically, Plaintiff had a diagnosis of anxiety, depression, and post-traumatic stress disorder ("PTSD"), and requested reasonable accommodations to be transferred to a fire station that runs less violent calls than the fire station he is currently assigned.

49. Defendant has discriminated against Plaintiff because of his disability by failing/refusing to transfer Plaintiff to a fire station that runs less violent calls than Station #15 and Station #16.

50. Defendant's discriminatory action(s) against Plaintiff is in violation of Plaintiff's rights under the ADA, as amended were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United Stated.

51. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer emotional distress, loss of self-esteem, monetary damages, and other damages.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Issue a declaratory judgment, declaring the Defendant's past practices herein to be unlawful.

B. Order Defendant to institute and carry out policies, practices, and programs providing equal employment opportunities for Plaintiff and

other employees and eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant to make whole the Plaintiff by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of Defendants unlawful employment practices.

D.   Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

E.   Order Defendant to pay Plaintiff punitive damages for its malice or reckless indifference to plaintiff's federally protected rights described above, in amounts to be determined at trial.

F.   Grant such further relief as the Court deems necessary and proper.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED.
### (FAILURE TO PROMOTE)

52.   Plaintiff adopts and realleges paragraphs 1-44 as if set forth herein.

53. Due to diagnoses of anxiety, depression, and PTSD, Plaintiff has a qualified disability within the scope and meaning of the ADA.

54. At all relevant times, Plaintiff sought reasonable accommodations for his disabilities by requesting transfer to a fire station that ran less violent calls and in less violent settings.

55. At all relevant times, Plaintiff was a "qualified individual" able to perform the essential functions of the Lieutenant position.

56. Defendant discriminated against Plaintiff based on his disability by not promoting him to Lieutenant and, instead, on or around August 2025, hiring a non-disabled individual who was less qualified for the position by Defendant's metrics.

57. Defendant's discriminatory action(s) against Plaintiff is in violation of Plaintiff's rights under the ADA, as amended were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United Stated.

58. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer emotional distress, loss of self-esteem, monetary damages, and other damages.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

11

A.    Enter a declaratory judgment, declaring Defendant's past practice herein complained to be unlawful;

B.    Order Defendant to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices;

C.    Order Defendant to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

D.    Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

E.    Award punitive damages to be determined by a jury at trial; and,

F.    Grant such further relief as the Court deems necessary and proper.

## COUNT III:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED
### (RETALIATION)

59.    Plaintiff adopts and realleges paragraphs 1-44 as if set forth herein.

60. Plaintiff engaged in protected activities by seeking reasonable accommodations for his disabilities under the ADA.

61. Defendant transferring Plaintiff to Station #16 and refusing to allow Plaintiff to return to work from July 15, 2025, until October 5, 2025, constitutes as a coercive adverse employment action taken in retaliation for Plaintiff engaging in protected activities under the ADA.

62. Defendant's discriminatory and retaliatory action(s) against Plaintiff is in violation of Plaintiff's rights under the ADA, as amended were intentional and were done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United Stated.

63. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer emotional distress, loss of self-esteem, monetary damages, and other damages.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring Defendant's past practice herein complained to be unlawful;

B. Order Defendant to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C.  Order Defendant to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D.  Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial

E.  Award punitive damages to be determined by a jury at trial; and,

F.  Grant such further relief as the Court deems necessary and proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THE COMPLAINT.

/s/ Jon-Kaden Mullen
D. Jeremy Schatz
Jon-Kaden Mullen
*Attorneys for Plaintiff*

**OF COUNSEL:**
Virtus Law Group
2017 Morris Avenue, Ste 100
Birmingham, AL 35203
js@vlgal.com
jm@vlgal.com

14

## **Please Serve Defendants By Certified Mail As Follows:**

**City of Birmingham**
**C/O Nicole E. King**
**710 North 20th Street, 6th Floor**
**Birmingham, AL 35203**
*City Attorney*