# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **HERMAN WALKER,** | ] | |
| **Plaintiff,** | ] | |
| **v.** | ] | **2:25-cv-1980-ACA** |
| **CITY OF BIRMINGHAM,** | ] | |
| **Defendant.** | ] | |

## MEMORANDUM OPINION

Plaintiff Herman Walker is a firefighter working for the City of Birmingham. He alleges that although the City knew he had been diagnosed with anxiety, depression, and post-traumatic stress disorder ("PTSD") that are exacerbated by exposure to violent situations, the City has kept him assigned to fire stations that receive a lot of calls to respond to violent situations. He asserts that the City (1) discriminated against him by failing to accommodate his reasonable requests for transfer to different stations, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a) ("Count One"); (2) discriminated against him based on his disabilities by failing to promote him, in violation § 12112(a) ("Count Two"); and (3) retaliated against him, in violation of the ADA, 42 U.S.C. § 12203(a) ("Count Three").

The City moves, under Federal Rule of Civil Procedure 12(b)(6), to dismiss Mr. Walker's request for punitive damages, part of Count One as time-barred, and all of Counts Two and Three for failure to exhaust administrative remedies. (Doc. 9). The court **WILL GRANT IN PART**, **WILL DENY IN PART**, and **WILL DENY AS MOOT IN PART**.

Mr. Walker concedes that his request for punitive damages must be dismissed. (Doc. 13 at 1 n.1, 9). Accordingly, the court **WILL GRANT** that part of the motion without further discussion.

To the extent Count One could be construed to assert claims based on adverse actions that occurred more than 180 days before Mr. Walker filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), the court **WILL GRANT** the motion to dismiss and **WILL DISMISS** those claims **WITH PREJUDICE**. To the extent the City asks this court to dismiss allegations in the complaint, however, the court **WILL DENY** that request.

The court **WILL GRANT** the City's motion to dismiss Count Two for failure to exhaust administrative remedies and **WILL DISMISS** that count **WITHOUT PREJUDICE**. The court **WILL DENY** Mr. Walker's motion to stay the case while he exhausts that claim.

On review of the complaint, the motion to dismiss, and the response, the court has determined that Mr. Walker must replead Count Three. Accordingly, the court

**WILL ORDER** Mr. Walker to file an amended complaint repleading that count. The court therefore **WILL DENY AS MOOT** the City's motion to dismiss Count Three.

## I.    BACKGROUND

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). The court may also consider documents "not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024) (footnote omitted). The City attaches to its motion two charges of discrimination Mr. Walker filed with the EEOC. (Docs. 9-1, 9-2). Because those charges are central to his claims and he does not dispute them, the court will consider them as well.

Mr. Walker began working as a firefighter for the City in 2011. (Doc. 1 ¶ 9). For several years he was assigned to Station #15, which receives more calls to respond to violent situations than other stations do. (*Id.* ¶¶ 10–12, 31). In June 2021, Mr. Walker was admitted to a hospital and diagnosed with PTSD, depression, and anxiety. (*Id.* ¶ 16). Despite Mr. Walker presenting a doctor's note stating that he

3

needed to be transferred to a different station because working at Station #15 was affecting his mental health, the City refused to transfer him. (*Id.* ¶¶ 21–23, 25–27).

In August 2023, Mr. Walker was again admitted to a hospital because of stress, anxiety, depression, and PTSD. (Doc. 1 ¶ 29). A doctor provided another note stating that Mr. Walker should be transferred to a station with fewer "potentially traumatic or dangerous situations." (*Id.* ¶ 30). In September 2023, the City transferred Mr. Walker to Fire Station #16, but that station provided a similar environment as Station #15. (*Id.* ¶¶ 31–32).

On March 15, 2024, Mr. Walker filed a charge of discrimination with the EEOC. (*Id.* ¶ 35). He alleged disability discrimination because Assistant Chief Larry Brown had accused him of falsifying medical documents relating to an on-the-job injury, required Mr. Walker to resubmit doctor's notes that he had already submitted, and initiated determination hearings. (Doc. 9-1 at 1, 4–5). He also alleged retaliation because he was transferred to Station #15 after complaining about Chief Brown several times and requesting a transfer to a station with "less violence because of the ailments [he] had developed." (*Id.* at 5).

At some point after filing the EEOC charge, Mr. Walker took the Fire Department lieutenant promotion test. (*See id.* ¶ 36). In December 2024, someone notified him that his score and seniority meant that he was the most likely to be promoted to fire lieutenant. (*Id.*). Months later, someone notified him that his poor

4

score on the lieutenant promotion test meant that he would not be considered for promotion. (Doc. 1 ¶ 41). He asked why he received a poor score but received no answer. (*See id.*).

In July 2025, Mr. Walker arrived late to work and a supervisor told him that to return to work, he needed to complete the form required for returning to work after an on-the-job injury. (*Id.* ¶¶ 37–38). Although Mr. Walker had not suffered an on-the-job injury, he attempted to submit the form. (*Id.* ¶¶ 39–40). But the City failed to approve his return to work until October 5, 2025. (Doc. 1 ¶¶ 40–41, 43).

In November 2025, Mr. Walker filed another EEOC charge, alleging retaliation based on the events that occurred after March 2024. (Doc. 9-2 at 1–4).

## II.    DISCUSSION

The City moves to dismiss part of Count One as time-barred and all of Counts Two and Three for failure to exhaust administrative remedies. (Doc. 9 at 3–7). The court will address each count in turn.

### 1.  Count One

In Count One, Mr. Walker asserts that the City failed to accommodate his disabilities, in violation of the ADA, by refusing to transfer him to a fire station that runs fewer violent calls than Stations #15 and #16. (Doc. 1 ¶¶ 45–51). The City moves to dismiss as time-barred any part of this claim that is based on anything that

took place more than 180 days before Mr. Walker filed his EEOC charge on March 15, 2024. (Doc. 9 at 5–7).

A plaintiff seeking to file a claim under the ADA must first exhaust his administrative remedies, beginning by filing a timely charge of discrimination with the EEOC. 42 U.S.C. §§ 12117(a), 2000e-5(e)(1). In Alabama, which does not have an EEOC-like administrative agency, a plaintiff must file his EEOC charge within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 421 F.3d 1169, 1178 & n.13 (11th Cir. 2005), *superseded in part on other grounds by* Pub. L. No. 111-2, § 3.

Mr. Walker correctly concedes that he cannot bring any claims based on actions that occurred more than 180 days before he filed his EEOC charge. (Doc. 13 at 7); *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002) ("A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within . . . 180 . . . days of the date of the act or lose the ability to recover for it."). Accordingly, to the extent the complaint could be construed to bring any such claims, the court **WILL GRANT** the motion to dismiss and **WILL DISMISS** those claims **WITH PREJUDICE**.

However, as Mr. Walker argues, he is allowed to provide context and background for his timely claim by alleging facts that occurred more than 180 days

6

before he filed his EEOC charge. (*See* doc.13 at 7). To the extent the City asks this court to dismiss specific factual allegations, Rule 12(b)(6) does not provide a mechanism to dismiss allegations; it requires the court to dismiss *claims* that lack adequate factual support, not factual allegations. *See* Fed. R. Civ. P. 12(b)(6) (permitting a court to dismiss a claim for "failure to state a claim upon which relief can be granted"). Accordingly, to the extent the City asks this court to dismiss specific factual allegations, the court **WILL DENY** that request.

2. Count Two

In Count Two, Mr. Walker asserts that the City discriminated against him by failing to promote him to fire lieutenant because of his diagnoses of anxiety, depression, and PTSD. (Doc. 1 ¶¶ 52–58). The City moves to dismiss this claim as unexhausted because the failure to promote him occurred after he filed his March 2024 EEOC charge and the EEOC has not yet ruled on his November 2025 EEOC charge. (Doc. 9 at 3–5). Mr. Walker responds that he was not required to exhaust this claim because binding Eleventh Circuit precedent permits a plaintiff to proceed without filing an EEOC charge if alleging retaliation that grew out of an administrative charge. (Doc. 13 at 3–6).

As an initial matter, Mr. Walker does not assert a retaliation claim in Count Two. (*See* doc. 1 ¶¶ 52–58). Count Two clearly asserts a claim of discrimination for

failure to promote. (*Id.*). Accordingly, Mr. Walker's argument that he was not required to exhaust his claim fails.

Moreover, as stated above, a plaintiff must exhaust administrative remedies for each adverse action giving rise to a claim of discrimination. *See* 42 U.S.C. §§ 12117(a), 2000e-5(e)(1). "[J]udicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint, but . . . allegations of new acts of discrimination are inappropriate." *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018) (quotation marks omitted). To evaluate the scope of the EEOC charge, "the proper inquiry is whether the plaintiff's complaint is like or related to, or grew out of, the allegations contained in the EEOC charge." *Id.* at 1328 (alterations accepted; quotation marks omitted).

In his March 2024 EEOC charge, Mr. Walker alleged that the City discriminated against him based on his disabilities because Assistant Chief Larry Brown had accused him of falsifying medical documents relating to an on-the-job injury, required Mr. Walker to resubmit doctor's notes that he had already submitted, and initiated determination hearings. (Doc. 9-1 at 1, 4–5). He also alleged retaliation because he had complained about Chief Brown several times and had requested a transfer to a station with "less violence because of the ailments [he] had developed," after which he was transferred to Station #15. (*Id.*). By contrast, the claim asserted in Count Two is that the City discriminated against him because of his disability

8

when it failed to promote him to fire lieutenant. (Doc. 1 ¶ 56). That claim is outside the scope of the March 2024 EEOC charge. The EEOC charge had nothing to do with a promotion that he had not yet applied for and the EEOC investigation into the charge was not reasonably likely to uncover anything about the promotion. (*See* doc. 9-1 at 1, 4–5); *cf. Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (explaining that a retaliation claim not made in an EEOC charge was nevertheless exhausted because the "EEOC investigation of [the plaintiff's] race and sex discrimination complaints leading to her termination would have reasonably uncovered any evidence of retaliation [in the form of terminating her]").

Mr. Walker asks that, if the court finds that he must exhaust his administrative remedies, the court stay this case until the administrative process is complete. (Doc. 13 at 6–7). The court **WILL DENY** that request. The court **WILL DISMISS** Count Two **WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Mr. Walker asks that if the court dismisses his claims, he be given an opportunity to amend. (Doc. 13 at 9–10). Until the EEOC concludes its proceedings on his EEOC charge, amendment would be futile. But because the court will dismiss the claim without prejudice, Mr. Walker may move to amend his complaint if he desires after the EEOC process concludes.

3. Count Three

In Count Three, Mr. Walker asserts that the City retaliated against him for "engaging in protected activities under the ADA." (Doc. 1 ¶ 61). The City moves to dismiss this claim for failure to exhaust administrative remedies. (Doc. 9 at 3–5). On examination of the complaint, the court is unable to tell precisely what protected activities and adverse actions Mr. Walker alleges are involved in this claim.

Within Count Three, Mr. Walker expressly alleges that he engaged in a protected activity by requesting reasonable accommodations for his activities. (Doc. 1 ¶ 60). However, Count Three also incorporates paragraph forty-two, which alleges that Mr. Walker engaged in a protected activity by filing a charge with the EEOC. (*Id.* ¶¶ 42, 59). And in his response brief, Mr. Walker argues that this claim alleges retaliation based on his filing of the March 2024 EEOC charge. (Doc. 13 at 4, 6). The court is left uncertain whether Count Three rests on one protected activity (requesting reasonable accommodations) or two (requesting reasonable accommodations and filing an EEOC charge).

The court is also uncertain exactly what adverse actions are at issue in Count Three. The count specifically identifies two actions: (1) transferring Mr. Walker to Station #16 and (2) refusing to allow Mr. Walker to return to work from July 15, 2025 until October 5, 2025. (Doc. 1 ¶ 61). But again, Count Three incorporates

10

paragraph forty-two, which also alleges that the City retaliated against him by failing to promote him. (*Id.* ¶¶ 42, 59).

The court is required to construe pleadings "so as to do justice." Fed. R. Civ. P. 8(e). But the complaint must also be clear enough to put the defendant on notice of the claims against it. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Accordingly, the court **WILL ORDER** Mr. Walker to file an amended complaint clarifying Count Three. This ruling moots the City's motion to dismiss Count Three, so the court **WILL DENY** that part of the motion **AS MOOT**.

### III.    CONCLUSION

The court **WILL GRANT IN PART**, **WILL DENY IN PART**, and **WILL DENY AS MOOT IN PART** the City's motion to partially dismiss the complaint.

The court **WILL GRANT** the motion to dismiss the request for punitive damages.

The court **WILL GRANT** the motion to dismiss Count One to the extent that count can be construed to assert claims based on adverse actions that occurred more than 180 days before Mr. Walker filed the March 2024 EEOC charge. The court **WILL DISMISS** those parts of the claim **WITH PREJUDICE**. The court **WILL DENY** any request to dismiss specific allegations in the complaint.

11

The court **WILL GRANT** the City's motion to dismiss Count Two for failure to exhaust administrative remedies and **WILL DISMISS** that count **WITHOUT PREJUDICE**. The court **WILL DENY** Mr. Walker's motion to stay the case while he exhausts that claim.

The court **WILL ORDER** Mr. Walker to file an amended complaint repleading Count Three. The court therefore **WILL DENY AS MOOT** the City's motion to dismiss Count Three.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this May 4, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE